UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 11-018-DCR |
| | ) | Civil Action No. 2: 13-7264-DCR-EBA |
| V. | ) | |
| | ) | |
| VICTOR SCHARSTEIN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the United States' motion which seeks to have the Court conclude that Defendant Victor Scharstein has waived the attorney-client privilege with his former counsel so that it may obtain information to properly respond to his motion to vacate, set aside or correct the judgment entered on October 3, 2011. [Record No. 75] Scharstein has now filed a response to the motion. [Record No. 77] Scharstein concedes that, by asserting a claim of ineffective assistance, he has waived the attorney-client privilege claim to the limited extent necessary to litigate the claim.

Having considered the motion, the Court will grant the limited relief requested by the United States. As the Sixth Circuit recognized in *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005), the attorney-client privilege may be waived, either expressly or implication, in several ways. And waiver may occur in a habeas case where the defendant places at issue the subject matter of a privileged communication which forces the government to address the privileged matter to defeat a claim of ineffectiveness. Here, waiver has occurred as a result of Scharstein's assertion

-1-

that his former attorney provided ineffective assistance in connection with his criminal action. Thus, it is necessary for the United States to obtain information from Scharstein's former attorney to effectively address the defendant's claims of ineffective assistance. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Order Finding Waiver of Attorney-Client Privilege [Record No. 75] is **GRANTED**. The Court finds that, by alleging ineffective assistance of counsel, Defendant Victor Scharstein has waived his attorney-client privilege with respect to issues raised in his § 2255 motion. The United States may contact Scharstein's former attorney strictly for the purpose of obtaining only that information which is necessary to respond to the defendant's ineffective assistance of counsel claim.

This 15th day of April, 2013.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**